UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                    :

**THOMAS GESUALDI, LOUIS BISIGNANO, MICHAEL O'TOOLE, MICHAEL C. BOURGAL, DARIN JEFFERS, JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC HERBST, THOMAS F. CORBETT,** and **ROBERT G. WESSELS, AS TRUSTEES AND FIDUCIARIES OF THE LOCAL 282 WELFARE TRUST FUND, THE LOCAL 282 PENSION TRUST FUND, THE LOCAL 282 ANNUITY TRUST FUND, AND THE LOCAL 282 JOB TRAINING TRUST FUND,**

                                   Plaintiffs,

               – against –

**RIZZO ASSOCIATES, INC.,**

                                   Defendant.
------------------------------------------------------------ X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

21-CV-1833 (AMD) (MMH)

**ANN M. DONNELLY**, United States District Judge:

       The plaintiffs — trustees and fiduciaries of an employee benefit plan for members of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, and the Local 282 Job Training Trust Fund — commenced this action on April 5, 2021 against the defendant, a New York corporation party to and bound by a set of collective bargaining agreements with the labor unions. (ECF No. 1.) The collective bargaining agreements to which the defendant agreed, as relevant here, required the defendant to make certain contributions and payments to the unions' joint trustee funds on behalf of the defendant's employees. (*Id.* ¶¶ 9–11.) The plaintiffs alleged that the defendant breached the collective

agreements by failing to pay contributions to the Funds, submit remittance reports to the Funds, and submit its books for audit.  (*Id*. at 1–2 (Introduction); *see also id.* ¶¶ 42–45.)

The parties reached a settlement and entered into a Consent Judgment and Limited Forbearance Agreement (the "Agreement").  (ECF No. 13.)  The parties filed a stipulation of dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure (ECF No. 15); the Court so-ordered the stipulation (*ECF Order dated July 20, 2022*).  In May 2023, the plaintiff moved to reopen the case after the defendant failed to resolve delinquent payments in accordance with the Agreement.  (ECF No. 16.)  On January 10, 2024, the plaintiff filed a motion for judgment based on settlement, alleging that the defendants were in default of the Agreement.  (ECF No. 18.)  The parties do not dispute that the defendant is in default.[1]

On March 28, 2024, the Court referred the motion to Magistrate Judge Marcia M. Henry.  (*ECF Order dated March 28, 2024.*)  On September 11, 2024, Judge Henry issued a comprehensive Report and Recommendation, recommending that the plaintiffs' motion be granted in part, the proposed judgment and order be entered against the defendant, and the plaintiffs' audit rights be preserved.  Judge Henry recommended that the Court award the plaintiffs $1,486,774.02, consisting of: (1) $1,073,010.82 as principal balance due pursuant to the Agreement, (2) $99,731.41 in confirmed unpaid contributions, (3) $108,832.48 in estimated unpaid contributions, (4) $151,235.05 in interest (plus per diem interest of $344.88 commencing January 13, 2024 through date of judgment), (5) $41,712.76 in liquidated damages, and (6)

---

[1] In an August 5, 2024 letter, the defendant informed the Court and the plaintiffs that it ceased operations and its principal is "eighty-seven years old and in ill health."  (ECF No. 21.)  During an August 7, 2024 conference before Judge Henry, the defense counsel explained that, despite the defendant's efforts to resolve the delinquent payments, the defendant concedes that it is in default.  (Aug. 7, 2024 Hr'g Tr., ECF No. 22 at 14:17–16:11.)

$12,251.50 in attorneys' fees.  (ECF No. 23 at 28.)[2]  No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

I have carefully reviewed Judge Henry's thorough and well-reasoned Report and Recommendation and find no error.  Accordingly, I adopt the Report and Recommendation in its entirety and order that the plaintiffs' motion for default judgment is granted in part and denied in part.  The plaintiffs' audit rights are preserved, and the plaintiffs are awarded $1,486,774.02, which includes (1) $1,073,010.82 as principal balance due pursuant to the Agreement, (2) $99,731.41 in confirmed unpaid contributions, (3) $108,832.48 in estimated unpaid contributions, (4) $151,235.05 in interest (plus per diem interest of $344.88 commencing January 13, 2024 through date of judgment), (5) $41,712.76 in liquidated damages, and (6) $12,251.50 in attorneys' fees.  (ECF No. 23 at 28.)

---

[2] The plaintiffs requested judgment in the total amount of $1,521,870.63, "plus daily interest of plus $344.88 in per diem interest, which accrues daily beginning on January 13, 2024, through the date of judgment." (ECF No. 18-8 at 5.)  However, Judge Henry found that some of the plaintiffs' calculations for May 2022 were inaccurate, and recommended "denial of liquidated damages on late-paid contributions made for May 2022 through November 2022." (ECF No. 23 at 14, 19, 21–22.)

3

**SO ORDERED.**

                                                                          s/Ann M. Donnelly
                                                _____
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
        September 26, 2024